By the Court.
Pierrepoht,
J.—The sale note, in this case, was not “ subscribed by the parties to be charged thereby,” and the contract for the sale of the logwood is void by the Statute of Frauds (2 R. S., 136, § 3), unless it appears that the defendants accepted and received part of the goods “ or the evidences,” or some of them at least.
It is claimed by the plaintiff- that the delivery of his order upon the custom-house was a delivery of the goods, and that when the defendants received the order they accepted that as a delivery of the goods; and furthermore, that as some of the logwood actually went on board the vessels in which the defendants had engaged freight for.it, and as the rest of it was placed upon the dock where the defendants might have taken possession of it, and shipped it, that the delivery was complete and bound the defendants to pay for the wood.
The evidence would perhaps warrant the conclusion that the defendants might have taken actual possession of the logwood; and that they might have shipped it, provided there had been no interference on the part of the government; but it is entirely clear that until the plaintiff changed his entry, the defendants could not withdraw the wood or ship it without violating the laws of the United States. (1 U. S. Statutes at large, pp. 45, 182, 413; vol. 3, p. 486; vol. 4, pp. 410 to 442.)
A delivery by the plaintiff of an order, which did not give the defendants any legal control over the property mentioned in the , order, is not, in contemplation of law,- a delivery of such property. If the defendants had agreed to accept the plaintiff’s order upon the custom-house as a delivery of the goods named in the order, and to take their own risk of getting them withdrawn from *181 the custom-house or of shipping them without any formal withdrawal, then' the defendants might be bound; but the evidence warrants no such conclusion, and it is plain that no acceptance of such delivery was contemplated.
We think the report of the referee erroneous, and that the judgment must be set aside, with costs to abide the event, and that the order of reference should be discharged.
Ordered accordingly.